[Cite as *Fifth Third Mtge. Co. v. Wizzard*, 2013-Ohio-3084.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

FIFTH THIRD MORTGAGE CO., :

    Plaintiff-Appellee, : CASE NO. CA2012-11-226

    - vs - : O P I N I O N
    7/15/2013

     :

MAUREEN WIZZARD, et al., :

    Defendants-Appellants. :

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-12-4264

Nicholas M. Smith, P.O. Box 165028, Columbus, Ohio 43216-5028, for plaintiff-appellee, Fifth Third Mortgage Company

Worrell A. Reid, 6718 Loop Road, #2, Centerville, Ohio 45459, for defendants-appellants, Maureen Wizzard and Maureen C. Reid-Wizzard, Trustee of the Reid-Wizzard Family Trust

Cassaundra L. Edwards, 10655 Springfield Pike, Cincinnati, Ohio 45215, for defendant, Providence Manor Home Owners Association

    **HENDRICKSON, P.J.**

    {¶ 1} Defendants-appellants, Maureen Wizzard (Wizzard) and Maureen C. Reid-Wizzard, Trustee of the Reid-Wizzard Family Trust, appeal from a decision of the Butler County Court of Common Pleas granting summary judgment and a decree of foreclosure in favor of plaintiff-appellee, Fifth Third Mortgage Company (Fifth Third). For the reasons

discussed below, we affirm the judgment of foreclosure.

## I. FACTS

{¶ 2} On February 7, 2005, Wizzard executed a promissory note in favor of Fifth Third in the principal amount of $185,000. Wizzard also executed a mortgage that secured the note and encumbered the property located at 7310 Ridge Meadow Court in West Chester, Ohio. On December 15, 2006, Wizzard transferred title of the Ridge Meadow property to herself, as trustee of the Reid-Wizzard Family Trust.

{¶ 3} On December 7, 2011, Fifth Third filed a complaint in foreclosure. In its complaint, Fifth Third alleged that it was the holder of the note secured by the mortgage on the Ridge Meadow property and that the note had been defaulted on in the amount of $171,584.16, together with interest at the rate of 6 percent per annum from December 1, 2010. Fifth Third further alleged that it had a valid first lien on the property and it sought to have the mortgage foreclosed, the property sold, and the proceeds distributed.[1] Wizzard, individually and as trustee, filed an answer setting forth several defenses to the action, including that the mortgage was "invalidly executed," that Fifth Third failed "to give the notices required by the terms of the note," and that Fifth Third failed to give her the "opportunity to cure default."

{¶ 4} On April 10, 2012, Fifth Third filed a motion for summary judgment, arguing that Wizzard was delinquent in making payments on the note and that $171,584.16 plus interest was due and owed. In support of its motion, Fifth Third attached the affidavit of Chris Roscoe, an authorized signer of Fifth Third Bank, the loan servicing agency for Fifth Third. Roscoe averred that Wizzard had defaulted under the terms of the note and mortgage by failing to make her monthly installment payments, that the debt had been lawfully

---

1. In its complaint, Fifth Third also asserted it had a valid second mortgage on the property in the amount of $140,000. The trial court ordered the second mortgage released after confirmation of the sale of the property.

accelerated, and that the total due under the note was the principal sum of $171,584.16 plus interest. Attached to Roscoe's affidavit where copies of the note and mortgage.

{¶ 5} Wizzard filed multiple memoranda in opposition. Essentially, Wizzard argued that the mortgage was invalidly executed as it was not acknowledged in the presence of a notary. Wizzard contended that this made the mortgage "defective" and therefore invalid as to the subsequent lienholder—herself as trustee for the Reid-Wizzard Family Trust. Wizzard stated that "the Trustee of the Trust is an intervening owner, who took for valuable consideration, and without notice of [Fifth Third's] defectively executed mortgage." In support of her argument, Wizzard averred in an affidavit, "[w]hen the mortgage attached to [Fifth Third's] complaint was filed, the notary, Robert E. Shepherd, was not present, nor was he at the closing."

{¶ 6} Wizzard also argued that Fifth Third could not enforce the mortgage as it had not complied with the terms of the note and mortgage by providing notice of default and the opportunity to cure the default prior to acceleration of the debt. In support of her argument, Wizzard averred that she "did not receive a notice of default and [was not] given an opportunity to cure the default prior to the filing of this foreclosure action."

{¶ 7} Fifth Third replied to Wizzard's memoranda in opposition, arguing that it had complied with the terms of the note and mortgage by mailing the notice of default to Wizzard. As evidence that notice of default was provided to Wizzard, Fifth Third attached the affidavit of Ben Heckort, an affidavit analyst, who attested that on September 26, 2011, notice of default was sent to Wizzard at the Ridge Meadow property. Attached to Heckort's affidavit was the September 26, 2011 notice of default.

{¶ 8} Fifth Third also argued that the mortgage was enforceable against Wizzard. First, Fifth Third argued that the mortgage had been properly notarized by Robert E. Shepherd. In support of its position, it submitted the affidavit of Shepherd, who averred that

he "never notarized any document when [he] was not present for the signature, [which] includes the [subject] mortgage executed by Wizzard and notarized by [him] on February 7, 2005." Second, Fifth Third argued that even if the mortgage had been executed outside the presence of the notary, the mortgage was still enforceable against Wizzard, the signor of the mortgage, absent an allegation of fraud, which Wizzard did not allege.

{¶ 9} A hearing on Fifth Third's motion for summary judgment was held on July 17, 2012. Two days later, the trial court issued a decision granting summary judgment and a decree of foreclosure in Fifth Third's favor. Wizzard, individually and as trustee, appealed, setting forth two assignments of error.

## II. ANALYSIS

{¶ 10} Prior to addressing the merits of Wizzard's assignments of error, we must first address Fifth Third's contention that Wizzard's appeal should be dismissed as the record before this court is incomplete. Fifth Third argues that Wizzard's failure to include in the record a transcript from the July 17, 2012 hearing on the motion for summary judgment is fatal to her appeal.

{¶ 11} Generally, the duty to provide a transcript for appellate review falls upon the appellant. *Chapman v. Chapman*, 12th Dist. Clermont No. CA95-01-003, 1996 WL 12873, *1 (Jan. 16, 1996). "When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." (Internal quotations omitted.) *Id.*, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). However, in the present case, the July 17, 2012 hearing was not an evidentiary hearing, but merely a hearing to allow oral argument on a matter already briefed and presented to the trial court. Therefore, as this court's review of a trial court's ruling on a motion for summary judgment is de novo, we find it

appropriate to review the merits of Fifth Third's motion for summary judgment in the context of Wizzard's assigned errors. S*ee Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.). Accordingly, we hereby deny Fifth Third's request to dismiss this appeal.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE TRIAL COURT'S JUDGMENT ENTRY AND DECREE IN FORECLOSURE, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, WAS INCORRECT AS A MATTER OF LAW AS THE EVIDENCE CREATED A TRIABLE ISSUE OF FACT RELATING TO THE ENFORCEABILITY OF PLAINTIFF'S MORTGAGE, AND THE NATURE OF DEFENDANT'S TITLE IN HER CAPACITY AS TRUSTEE.

{¶ 14} In Wizzard's first assignment of error, she argues the trial court erred in granting summary judgment to Fifth Third because a genuine issue of material fact exists as to whether the mortgage she executed was properly acknowledged by a notary. In support of her argument, Wizzard notes that there are "dueling affidavits" between herself and Shepherd as to whether Shepherd witnessed the execution of her mortgage. Wizzard asserts that because a genuine issue of material fact exists as to whether the mortgage was properly executed, a genuine issue of material fact must necessarily exist regarding whether the mortgage is valid as to "Maureen Wizzard, Trustee of the Reid-Wizzard Family Trust, * * * a bona fide purchaser for value" who "took without notice of the defectively executed mortgage."

{¶ 15} This court's review of a trial court's ruling on a motion for summary judgment is de novo. *Grizinski*, 2010-Ohio-1945 at ¶ 14. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14, citing *Brewer*

- 5 -

*v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997). Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *U.S. Bank v. Fitzgerrel*, 12th Dist. Clermont No. CA2011-09-063, 2012-Ohio-4522, ¶ 10.

{¶ 16} To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The nonmoving party must then present evidence that some issue of material fact remains to be resolved. *Id.* "A dispute of fact can only be considered 'material' if it affects the outcome of the litigation." *Fitzgerrel* at ¶ 11.

{¶ 17} After reviewing the record, including the exhibits and affidavits attached to Fifth Third's motion for summary judgment, we find that Fifth Third has established its right to relief in foreclosure as a result of Wizzard's default in payment under the terms of the note. Wizzard's contention that summary judgment is inappropriate because a genuine issue of material fact exists regarding whether the subject mortgage was properly acknowledged by a notary is without merit as she failed to present any evidence in support of her argument.

{¶ 18} R.C. 5301.01(A) requires that a mortgage be signed by the mortgagor and that "[t]he signing shall be acknowledged by the * * * mortgagor * * * before a * * * notary public * * * who shall certify the acknowledgement and subscribe the official's name to the certificate of acknowledgement." A mortgage that is not properly executed in accordance with the requirements of R.C. 5301.01, "is not entitled to record under Section 5301.25, Revised Code, * * * where there is a failure to follow the statutory requirements in that * * * the signing by one mortgagor is not in fact acknowledged before a notary public." *Citizens Natl. Bank in Zanesville v. Denison*, 165 Ohio St. 89 (1956), paragraph two of the syllabus. *See also Mtge.*

*Electronic Registration Sys. v. Odita*, 159 Ohio App.3d 1, 2004-Ohio-5546, ¶ 10 (10th Dist.).

{¶ 19} Although Wizzard asserts that the mortgage held by Fifth Third is invalid as it was not "acknowledged in the presence of a notary," she has presented no evidence in support of this contention. The affidavit submitted by Wizzard merely attests that "[w]hen the mortgage attached to [Fifth Third's] complaint was *filed*, the notary, Robert E. Shepherd, was not present, nor was he at the closing." (Emphasis added.) R.C. 5301.01(A) does not require that the notary be present at "closing" or that he be present when the mortgage is "filed." Rather, the statute only required that Shepherd actually witness and acknowledge Wizzard's signing of the mortgage document. Wizzard, therefore, has not presented evidence demonstrating that a material dispute of fact exists which would preclude judgment in favor of Fifth Third.

{¶ 20} Furthermore, even if we construed Wizzard's affidavit to mean that Shepherd was not present at the time the mortgage was "signed," Wizzard's affidavit does not present a genuine issue of material fact that would preclude summary judgment. "[I]t is well-established that a 'party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact.'" *Hillstreet Fund III, L.P. v. Bloom*, 12th Dist. Butler No. CA2009-07-178, 2010-Ohio-2961, ¶ 10, quoting *TJX Cos., Inc. v. Hall*, 183 Ohio App.3d 236, 2009-Ohio-3372, ¶ 30 (8th Dist.).

{¶ 21} Accordingly, Wizzard's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT'S ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WAS INCORRECT AS A MATTER OF LAW AS THE EVIDENCE CREATE[D] A TRIABLE ISSUE OF FACT RELATING TO WHETHER OR NOT DEFENDANTS WERE GIVEN NOTICE AND AN OPPORTUNITY TO CURE THE DEFAULT.

{¶ 24} In her second assignment of error, Wizzard argues the trial court erred in granting summary judgment to Fifth Third because genuine issues of material fact exist as to whether she received notice of default and was given an opportunity to cure the default prior to acceleration of the debt.  At issue are several provisions of the note and mortgage entered into between the parties.

{¶ 25} Subsection 6(B) of the note advises Wizzard that if she "do[es] not pay the full amount of each monthly payment on the date it is due, [s]he will be in default."  Pursuant to subsection 6(C) of the note, if Wizzard is in default:

> the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of the Principal which has not been paid and all the interest that I owe on that amount.  That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

In providing notice of default, section 7 of the note provides that, "[u]nless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by *mailing it by first class mail* to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address."  (Emphasis added.)

{¶ 26} Section 15 of the mortgage states in pertinent part that "[a]ll notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be *deemed to have been given to Borrower when mailed by first class mail* or when actually delivered to Borrower's notice address if sent by other means."  (Emphasis added.)  Furthermore, with respect to acceleration of the debt, Section 22 of the mortgage provides as follows:

> **22.  Acceleration; Remedies.**  *Lender shall give notice to Borrower prior to acceleration* following Borrower's breach of any covenant or agreement in this Security Instrument * * *.  The

notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.

(Emphasis added.)

{¶ 27} "Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent." *First Financial Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶ 20. Accordingly, "[u]nder Ohio law, 'a foreclosure action brought by a lender who has failed to comply with the notice terms embodied in the note executed between the parties may be dismissed.'" *U.S. Bank Natl. Assn. as Trustee c/o GMAC Mtge., L.L.C. v. Weber*, 10th Dist. Franklin No. 12AP-107, 2012-Ohio-6024, ¶ 10, quoting *Wells Fargo Bank, N.A. v. Walker*, 10th Dist. Franklin No. 09AP-947, 2010-Ohio-3698, ¶ 9.

{¶ 28} In its decision, the trial court found that "the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage." The court thus found that Fifth Third had met its burden of demonstrating that it had satisfied all conditions precedent to acceleration and foreclosure. We find that the evidence submitted to the trial court supported the court's determination that Wizzard was properly notified of the default and was given the opportunity to cure such default prior to the foreclosure action being filed.

{¶ 29} Through affidavits of its employees, Fifth Third averred that Wizzard "defaulted under the Note and Mortgage and [she] has failed to cure the default. All requirements necessary to accelerate the loan have been met, and the loan has been accelerated." It further averred that a notice of default letter, dated September 26, 2011, was "addressed to * * * Wizzard at 7310 Ridge Meadow Court, West Chester, Ohio." The September 26, 2011 letter addressed to Wizzard, which was properly attached to the affidavit of Heckort, stated, in relevant part, the following:

> As of the date of this letter, you are in default on your mortgage loan * * * for failing to make monthly scheduled payments. The amount past due on your mortgage loan is $16,758.63. This past due amount includes any payment which is scheduled to become due within the next 30 days. Such payment must also be paid in accordance with the terms of your mortgage loan. In order to cure this default we must receive the past due amount within 30 days from the date of this letter. * * *
>
> Failure to pay the past due amount herein will result in acceleration of your loan and the foreclosure of the property. Upon acceleration your total obligation will be immediately due and payable without further written demand. Fifth Third Bank is entitled to collect all expenses incurred in pursuing the remedies provided in this letter, including reasonable attorney fees and cost. You will have the right to reinstate after acceleration and the right to assert in the foreclosure proceedings any defense to the acceleration and foreclosure.

This letter satisfied the "notice of default" provisions set forth in the note and mortgage.

{¶ 30} Furthermore, although Wizzard argues that she never "received" the notice of default, compliance with the notice provisions of the note and mortgage did not hinge upon Wizzard's actual receipt of the notice of default. *See Weber*, 2012-Ohio-6024 at ¶ 14 (finding that a mortgage provision that notice "shall be deemed to have been given to Borrower when mailed by first class mail" meant that the mortgagee complied with the terms of the notice requirement when mailing the notice of default to the Borrower); *LSF6 Mercury REO Invests. Trust Series 2008-1 c/o Vericrest Financial, Inc. v. Locke,* 10 Dist. Franklin No. 11AP-757,

2012-Ohio-4499, ¶ 15 (finding that where the mortgage explicitly provided that notice of default would be deemed "given to" the borrower "when mailed by first class mail," the "rebuttable presumption afforded by the mailbox rule is inapplicable because the contract between the parties clearly provides that notice by regular mail is completed 'when mailed'").

{¶ 31} Subsection 7 of the note and section 15 of the mortgage required notice to be delivered or mailed by first class mail to the property address or other address provided by the borrower. Pursuant to Section 7 of the mortgage, notice "shall be deemed to have been given to Borrower when mailed by first class mail." As noted above, Fifth Third submitted affidavit evidence that the notice of default was mailed to Wizzard pursuant to the terms of the note and mortgage. Wizzard did not submit contrary evidence on this issue. Accordingly, Wizzard's second assignment of error is overruled.

### III. CONCLUSION

{¶ 32} Based upon this court's de novo review of the record, we find that Fifth Third has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

{¶ 33} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.