**[Cite as *Ebbing v. Mathis*, 2013-Ohio-3880.]**

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| JOSEPH P. EBBING, | : | |
| Appellant, | : | CASE NO. CA2013-01-014 |
| | : | O P I N I O N |
| - vs - | | 9/9/2013 |
| | : | |
| GARY MATHIS, JR., et al., | : | |
| Appellees. | : | |


CIVIL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 12 CVG 01718


Joseph P. Ebbing, 3800 Princeton Road, Hamilton, Ohio 45011, appellant, pro se

Molly T. Russell, Lori Elliott, Legal Aid Society of Southwest Ohio, LLC, 215 East Ninth Street, Suite 500, Cincinnati, Ohio 45202, for appellee, Gary Mathis, Jr.

Dallace McIntosh, 793 Ludlow Avenue, Hamilton, Ohio 45011, appellee, pro se


**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Joseph P. Ebbing, appeals from the judgment of the Hamilton Municipal Court dismissing his forcible entry and detainer action against defendants-appellants, Gary Mathis, Jr. and Dallace McIntosh. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} In January 2012, Mathis signed a one-year lease to rent a house in Hamilton,

Ohio. Ebbing is the property's landlord. The lease required Mathis to deposit $500 every month into Ebbing's bank account "upon the 3rd day of each and every month." At some point during Mathis' tenancy, McIntosh allegedly became his co-tenant.

{¶ 3} On July 6, 2012, Ebbing served Mathis and McIntosh with a "Notice to Leave the Premises." On July 9, 2012, Ebbing, acting pro se, brought a forcible entry and detainer (FED) action against Mathis and McIntosh in the Hamilton Municipal Court, for failure to pay rent. Ebbing sought a writ of restitution in his first cause of action and past due rent and damages in his second cause of action. The trial court dismissed Ebbing's FED action on the ground that he had filed it one day prematurely.[1] On July 25, 2012, Ebbing filed a second FED action against Mathis and McIntosh that was similar to his first. Mathis filed an answer and counterclaim on August 14, 2012.

{¶ 4} On August 15, 2012, a "first cause" hearing was held. Mathis presented evidence that he deposited a $500 check into Ebbing's bank account on August 3, 2012. The magistrate instructed Ebbing to check the status of his account to see if Mathis had deposited the $500 check into Ebbing's account and continued the hearing until August 22, 2012. On that day, Ebbing informed the magistrate that he intentionally did not check his bank account as the magistrate had requested to see if Mathis had deposited $500 into it, because he did not want it to appear that he had accepted a $500 rent payment from Mathis. The magistrate found that Ebbing had accepted the $500 payment from Mathis and dismissed Ebbing's second FED action on the ground that, by accepting a rent payment from Mathis after serving him with an R.C. 1923.04 notice to vacate the premises, Ebbing waived the statutorily-required notice and thus divested the trial court of subject matter jurisdiction to rule on his second FED action. Ebbing filed an objection to the magistrate's decision and a

---

1. This court affirmed the trial court's decision dismissing Ebbing's first FED action in *Ebbing v. Mathis, Jr.*, 12th Dist. Butler No. CA2012-10-201, 2013-Ohio-2273.

motion for costs arising from the alleged frivolous conduct of Mathis' attorney, Molly Russell.

{¶ 5} The trial court overruled Ebbing's objection to the magistrate's decision and his motion for costs. The trial court first noted that, after the magistrate filed his decision, Ebbing filed a third FED action in the Hamilton Municipal Court that resulted in (1) Mathis and McIntosh being ordered to remove themselves from the premises, and (2) Ebbing's claim for damages being transferred to the Butler County Common Pleas Court because the amount of damages Ebbing sought was in excess of the municipal court's jurisdictional monetary limit. The trial court then determined that, as a result of the outcome in Ebbing's third FED action, his second FED action, which was pending before the court, had been rendered moot. The trial court added that if it would have decided Ebbing's objection on the merits, it would have affirmed the magistrate's decision to dismiss on the same grounds cited by the magistrate.

{¶ 6} Ebbing now appeals from the trial court's decision and assigns the following as error:

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT COMMITTED UNLAWFUL AND REVERSIBLE ERRORS TO THE PREJUDICE OF PLAINTIFF WHEN DISMISSING PLAINTIFF'S CLAIMS. [sic]

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT COMMITTED UNLAWFUL AND REVERSIBLE ERROR TO THE PREJUDICE OF PLAINTIFF WHEN FAILING TO ENTER JUDGMENT AGAINST DEFENDANTS. [sic]

{¶ 11} Assignment of Error No. 3:

{¶ 12} THE TRIAL COURT COMMITTED UNLAWFUL AND REVERSIBLE ERROR TO THE PREJUDICE OF PLAINTIFF WHEN FAILING TO GRANT PLAINTIFF'S MOTIONS

[sic] TO STRIKE AND MOTION TO DISMISS.

{¶ 13} We shall discuss Ebbing's assignments of error together, since they are closely related.

{¶ 14} During oral arguments, Ebbing acknowledged that Mathis and McIntosh are no longer in possession of the premises in question and that his claim for damages has been transferred to the Butler County Common Pleas Court. Nevertheless, Ebbing contends that he was entitled to recover the costs he incurred in connection with what he alleges to be the frivolous conduct of Mathis' attorney, Molly Russell, as well as his costs in bringing the second FED action. We disagree.

{¶ 15} Initially, we reject Ebbing's claim that he was entitled to recover costs for what he alleges was attorney Russell's frivolous conduct, since none of her actions in this case merit sanction. We also reject Ebbing's argument that the trial court erred in not awarding him his costs with respect to the second FED action he brought against Mathis and McIntosh.

{¶ 16} R.C. 1923.09(A) provides that, in FED actions tried by the bench, "[i]f the judge finds the complaint to be true, the judge shall render a general judgment against the defendant, in favor of the plaintiff, for restitution of the premises and *costs of suit*." (Emphasis added.) In this case, by dismissing Ebbing's second FED action, the trial court essentially found that his complaint was "not true." Ebbing argues the trial court erred in doing so. We disagree.

{¶ 17} R.C. 1923.04 requires a landlord who wants to evict a tenant to provide the tenant with notice to leave the premises, three or more days before commencing an eviction action against him. *N. Face Properties, Inc. v. Lin*, 12th Dist. Warren No. CA2012-09-083, 2013-Ohio-2281, ¶ 9. "Proper service of the three-day notice to vacate the premises is a condition precedent to the commencement of a forcible entry and detainer action." *Associated Estates Corp. v. Bartell*, 24 Ohio App.3d 6, 9 (8th Dist.1985). However, if the

- 4 -

landlord accepts "future rent" from the tenant after the landlord has served the tenant with an R.C. 1923.04 notice to vacate the premises, then the landlord will be deemed to have waived the notice. *Id.* If the landlord waives the notice to vacate, the FED action "has not been properly commenced and the trial court commits reversible error if it proceeds on the merits of the case." *Id.*

{¶ 18} Whether the landlord has waived the notice to vacate is generally considered to be a question of fact. *Id.*, citing *Presidential Park Apts. v. Colston*, 10th Dist. Franklin No. 79AP604, 1980 WL 353341 (Mar. 20, 1980). "By accepting '*future rent payments*,' after serving a notice to vacate, the landlord is deemed to have waived the notice to vacate as a matter of law since such acceptance is inconsistent with the landlord's notice to vacate." (Emphasis sic.) *Bartell*, citing *Colston*. By contrast, "[t]he landlord does *not* waive the notice to vacate if, during pendency of the suit, the landlord accepts rent from a tenant in occupancy for 'liability already incurred.'" (Emphasis added.) *Id.* Stated differently, after a landlord has served a tenant with an R.C. 1923.04 notice to vacate the premises, the landlord may accept a "past due" rent payment from the tenant. *Sholiton Indus., Inc. v. Royal Arms,* 2d Dist. Montgomery No. 17480, 1999 WL 355898 (June 4, 1999).

{¶ 19} Appellate courts in this state are split on the meaning of the term "future rent," as used in this context. In *Knights Ctr. Corp. v. Thomas*, 8th Dist. Cuyahoga No. 49636, 1985 WL 9039, *1 (May 23, 1985), the term "future rent payments" was defined to include a "payment for any period subsequent to the three-day eviction notice," provided under R.C. 1923.04. In *Sheridan Manor Apts. v. Carter*, 4th Dist. Lawrence No. 92CA4, 1992 WL 388539, *2 (Dec. 22, 1992), the court defined "future rent" as meaning a rent payment for any period of occupancy that is "after the date of the landlord's acceptance of the payment."

{¶ 20} Under either the *Thomas* standard or *Carter* standard, it is clear that the $500 rent payment that Ebbing accepted from Mathis constituted future rent. Under the *Carter*

standard, the $500 payment was for the period of occupancy after August 3, 2012, the date on which Ebbing accepted the payment, and under the *Thomas* standard, the $500 payment was for a period subsequent to the time Ebbing had served Mathis and McIntosh with an R.C. 1923.04 notice to leave the premises. Furthermore, when Ebbing accepted the $500 payment from Mathis, he waived the R.C. 1923.04 notice to leave the premises that he had issued to Mathis and McIntosh, and thus divested the trial court of subject matter jurisdiction to proceed with his second FED action.

{¶ 21} At trial, Ebbing argued that he could not be deemed to have accepted the $500 rent payment from Mathis since there was "no action on [his] part as far as accepting that rent." Ebbing contended that the reason he did not check to see if the $500 had been deposited into his account, as the magistrate had requested, was because he wanted to be able to continue to argue that he had not accepted the payment. However, this argument clearly lacks merit.

{¶ 22} It has long been settled in this state that when a rental agreement provides that the tenant is to pay rent by depositing the payments into the landlord's bank account, the tenant's depositing of the rent into the landlord's bank account constitutes acceptance of the rent by the landlord unless the landlord has given the bank contrary instructions. *Bartell*, 24 Ohio App.3d at 9, citing *Kachelmacher v. Laird*, 92 Ohio St. 324, 335 (1915). Here, there was no evidence that Ebbing gave his bank "contrary instructions," and therefore when Ebbing's bank accepted the rental payment from Mathis, the payment was effectively passed to Ebbing. *Bartell*.

{¶ 23} Ebbing has presented a new argument on appeal. While Ebbing argued in the trial court that he did not "accept" Mathis' $500 payment for August, he now argues, for the first time on appeal, that he was entitled to accept Mathis' $500 rent as a partial payment for

the rent that Mathis owed him for May 2012.[2] He further contends that his acceptance and retention of a partial payment of May rent would not constitute an acceptance of *future rent* that would waive the three-day notice he served on Mathis and McIntosh, but instead, would constitute an acceptance of *past due* rent that does not waive the notice. We find this argument unpersuasive.

{¶ 24} It is well-settled that, generally, a party must adhere to the legal theory upon which the case was tried in the trial court, and may not assert a new legal theory for the first time on appeal, and where a party attempts to do so, the party's argument is considered as having been waived for purposes of appeal. *Cadwallader v. Scovanner*, 178 Ohio App.3d 26, 2008-Ohio-4166, ¶ 45 (12th Dist.).

{¶ 25} In this case, Ebbing argued at trial that he did not waive his R.C. 1923.04 notice to vacate the premises because he did not accept Mathis' $500 payment for the August 2012 rent. However, he is now arguing for the first time on appeal that he had a right to accept Mathis' $500 payment on the theory that it was for partial payment of past due rent for May 2012. However, since Ebbing failed to raise this legal theory at trial, he has waived it for purposes of appeal. *Id.*[3]

{¶ 26} In light of the foregoing, Ebbing's first, second and third assignments of error are overruled.

{¶ 27} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.

---

2. Ebbing alleged in his complaint that Mathis owes him $2,050 for the May 2012 rent, which included $500 for the original, base amount of rent, an additional $1,500 for two adult women who were living in the premises in violation of the terms of the parties' lease agreement, and a $50 late fee.

3. Additionally, the question of whether Mathis and McIntosh will be entitled to any offset for the $500 payment they made to Ebbing for the August rent is an issue that, presumably, will be resolved in the proceedings held in the common pleas court on Ebbing's claim for damages, which was transferred to that court.