[Cite as *U.S. Bank Natl. Assn. N.D. v. Dunham*, 2014-Ohio-5747.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION N.D., | : | |
| | : | CASE NO. CA2014-05-034 |
| Plaintiff-Appellee, | : | O P I N I O N |
| | | 12/30/2014 |
| - vs - | : | |
| | : | |
| MICHAEL ANDREW DUNHAM, et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2013 CVE 00694

Taft Stettinius & Hollister LLP, Timothy C. Sullivan, 425 Walnut Street, Suite 1800, Cincinnati, Ohio 45202 and Gerner & Kearns, Michael R. Brinkman, 809 Wright's Summit Parkway, Suite 200, Ft. Wright, KY 41011, for plaintiff-appellee

Mills Mills Fiely & Lucas LLC, Brian D. Flick, 632 Vine Street, Suite 305, Cincinnati, Ohio 45202, for defendants-appellants, Michael Andrew and Jane Marie Dunham

**RINGLAND, P.J.**

{¶ 1} Defendants-appellants, Michael and Jane Dunham ("the Dunhams"), appeal the decision of the Clermont County Court of Common Pleas granting summary judgment to plaintiff-appellee, U.S. Bank National Association N.D. ("US Bank"), in a foreclosure action.

{¶ 2} In January 2006, the Dunhams executed a promissory note in favor of US Bank

in the amount of $199,500. The note was secured by a mortgage on real property owned by the Dunhams at 524 Oregano Drive, Cincinnati, Ohio. The mortgage designated the Dunhams as the borrowers and mortgagors, and US Bank as the lender and mortgagee.

{¶ 3} In October 2009, the Dunhams failed to pay their property taxes and US Bank began holding their tax payments in escrow, resulting in a higher monthly payment on their loan. After the Dunhams failed to make their loan payments in January and February 2010, US Bank notified them by mail that their financial difficulties may qualify them for a permanent loan modification under the Housing Affordable Mortgage Program ("HAMP").[1]

{¶ 4} The letter from US Bank invited the Dunhams to apply for a Trial Period Plan ("TPP"), and stated "[i]f you qualify under [HAMP] and comply with the terms of the [TPP], we will modify your mortgage loan * * *." The letter explained that under the terms of a TPP, the borrower's original loan documents remain in effect, but the borrower is permitted to make lower payments as if the loan has been modified ("TPP payments") instead of at the higher level required by the terms of the loan documents. It also explained that the typical TPP lasts for three months while the lender evaluates the borrower's eligibility for a permanent loan modification under HAMP, and that, even if the borrower is eligible, the loan would not be modified unless the parties executed a separate modification agreement.

{¶ 5} In March 2010, the Dunhams were approved to begin a TPP. After a few months, US Bank determined the Dunhams were not eligible for a loan modification under HAMP, and declined to execute a modification agreement for their loan. Nevertheless, the Dunhams continued to make – and US Bank continued to accept – TPP payments until April

---

1. During the economic crisis of 2008, Congress passed the Emergency Economic Stabilization Act of 2008, which charged the Secretary of the United States Department of the Treasury with acting in a manner that "preserves homeownership and promotes jobs and economic growth." 12 U.S.C. 5201(2)(B). HAMP is part of the Department of the Treasury's effort to help defaulting homeowners or those at risk for defaulting by providing financial incentives to participating mortgage servicers to modify terms of eligible loans. *Fifth Third Mtge. Co. v. Orebaugh*, 12th Dist. Butler No. CA2012-08-153, 2013-Ohio-1730 at ¶ 22, citing *CitiMortgage, Inc. v. Carpenter*, 2d Dist. Montgomery No. 24741, 2012-Ohio-1428, ¶ 11-12.

2012. After April 2012, the Dunhams did not make any further payments on their loan.

{¶ 6} In May 2013, US Bank filed a complaint for foreclosure. The Dunhams' answer included several counterclaims alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"), common law fraud, breach of contract, breach of the duty of good faith and fair dealing, conversion and unjust enrichment, and predatory lending under R.C. 1349.27(D). The Dunhams also sought rescission of the note pursuant to the Ohio Consumer Sales Practices Act ("OCSPA").

{¶ 7} In January 2014, US Bank moved for summary judgment on the complaint for foreclosure and the Dunhams' counterclaims. In response, the Dunhams conceded judgment on their claims of violations of the FDCPA, breach of the duty of good faith and fair dealing, and predatory lending, and their request for rescission pursuant to the OCSPA. However, they maintained that a trial was necessary to resolve genuine issues of material fact on their remaining claims.

{¶ 8} On May 1, 2014, the trial court granted US Bank's motion for summary judgment and issued a decree of foreclosure. The Dunhams now appeal, raising one assignment of error.

{¶ 9} THE TRIAL COURT ERRED IN GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT FOR FORECLOSURE AND DENYING DEFENDANTS' COUNTERCLAIMS.

{¶ 10} The Dunhams raise three issues with the trial court's grant of summary judgment in favor of US Bank. They argue US Bank failed to meet its evidentiary burden with respect to both the complaint for foreclosure, and their counterclaims for breach of contract and fraud. The Dunhams also argue the trial court erred by failing to consider whether HAMP creates a private right of action for borrowers against their mortgage servicers.

{¶ 11} Appellate review of a trial court's ruling on a motion for summary judgment is de

novo. *Bank of Am., N.A. v. Jackson*, 12th Dist. Warren No. CA2014-01-018, 2014-Ohio-2480, ¶ 32. Thus, the appellate court is required to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 17. Summary judgment is appropriate under Civ.R. 56(C) when (1) there are no genuine issues of material fact to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-70 (1998).

{¶ 12} The party moving for summary judgment has the initial burden of producing evidence that affirmatively demonstrates the absence of a genuine issue of material fact. *First Horizon Home Loans v. Sims*, 12th Dist. Warren No. CA2009-08-117, 2010-Ohio-847, ¶ 19, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the pleadings, but must supply evidentiary materials setting forth specific facts that demonstrate there is a genuine issue for trial. *Fifth Third Mtge. Co. v. Orebaugh*, 12th Dist. Butler No. CA2012-08-153, 2013-Ohio-1730, ¶ 9, citing Civ.R. 56(E).

**1. US Bank's Evidentiary Burden**

{¶ 13} Notwithstanding the Dunhams' assertion to the contrary, this court has maintained a consistent standard that a plaintiff in a foreclosure action must satisfy to prevail on summary judgment.

{¶ 14} "A party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *BAC Home Loans Servicing, L.P. v.*

*Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 26 (12th Dist.). Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. *Wells Fargo v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 15. Those materials are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." *Id.*, citing Civ.R. 56(C). Further, Civ.R. 56(E) articulates the standard for affidavits:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

{¶ 15} The Dunhams argue that US Bank failed in two respects to satisfy the evidentiary burden required to prevail on their motion for summary judgment. First, with respect to US Bank's complaint for foreclosure, the Dunhams contend there was a genuine issue of fact as to the amount of principal and interest due on the note at the time of summary judgment. Second, the Dunhams contend US Bank failed to refute several of the allegations that formed the basis of their counterclaims for fraud and breach of contract. We disagree with both contentions.

{¶ 16} With its motion for summary judgment, US Bank submitted an affidavit from Tammie E. Denson, an Assistant Vice President at the bank with personal knowledge of the records related to the Dunhams' loan. Denson's affidavit incorporates by reference several attachments, including: copies of the original note and mortgage, the Truth in Lending Disclosure Statement executed at the same time as the note and mortgage, and several notices to the Dunhams generated by US Bank regarding the TPP and the Dunhams' default on their loan. These documents are all of evidentiary quality under Civ.R. 56. *See, e.g., Wilson v. AIG*, 12th Dist. Butler No. CA2007-11-278, 2008-Ohio-5211, ¶ 29 ("a party may

properly introduce evidence not specifically authorized by Civ.R. 56(C) by incorporating it by reference through a properly framed affidavit pursuant to Civ.R. 56(E)").

{¶ 17} The affidavit and incorporated documents establish the following. The note and mortgage were executed and delivered on January 26, 2006, and the TILA statement indicated the life of the loan would be 180 months. US Bank duly recorded the mortgage on February 3, 2006, in Clermont County, and has been the holder of the note and mortgage since the execution of the loan in 2006. The Dunhams ceased making payments on their loan in April 2012, and soon thereafter US Bank notified them of their default and the bank's intent to accelerate the loan.

{¶ 18} In addition, Denson's affidavit avers that as of January 2014, the total unpaid balance due on the Dunhams' loan was $246,847.64 for unpaid principal, accrued but unpaid interest, and various advances for real estate taxes, homeowner's insurance, and the like. Although US Bank failed to attach applicable portions of the Dunhams' payment history to Denson's affidavit, it is undisputed that the Dunhams expressly waived all "*Farno*" issues with respect to the affidavit at a hearing shortly before the trial court issued its judgment. *See Third Fed. S. & L. Assn. of Cleveland v. Farno*, 12th Dist. Warren No. CA2012-04-028, 2012-Ohio-5245, ¶ 11 ("[the bank] needed to attach or serve with its affidavit some * * * documents material to * * * the default in payment and applicable portions of the payment history"). Therefore, no further documentation was required to establish the amount the Dunhams owed to US Bank. *See, e.g., Smith*, 2013-Ohio-855 at ¶ 39 (finding *Farno* issues are waived where the borrower does not file a motion to strike the relevant portions of the affidavit).

{¶ 19} Thus, by virtue of Denson's affidavit and the documents incorporated by reference therein, US Bank satisfied its initial burden to produce evidence that affirmatively demonstrated the absence of a genuine issue of material fact with respect to their complaint for foreclosure. *See Sims*, 2010-Ohio-847 at ¶ 19-26. These documents effectively

established the execution and delivery of the note and mortgage, a valid recording of the mortgage, that US Bank is the current holder of both the note and mortgage, default, and the amount owed. *Kolenich*, 194 Ohio App.3d 777 at ¶ 26-28.

{¶ 20} US Bank's evidence also demonstrated the absence of a genuine issue of material fact with respect to the Dunhams' counterclaims for breach of contract and fraud.

{¶ 21} The Dunhams' claim for breach of contract was based on the allegation that US Bank had violated covenants in the original mortgage documents by accepting TPP payments without notifying them their loan would not be modified, and by failing to notify them of the acceleration of their loan. In their response to US Bank's motion for summary judgment, the Dunhams also argued that US Bank breached separate, implied contractual obligations to modify their loan based on the Dunhams' commencement of a TPP.

{¶ 22} The Dunhams' claim for fraud was based on the allegation that US Bank had misrepresented to them the nature of their debt and the status of their application for a permanent loan modification. They asserted that US Bank led them to believe the life of the loan would be for 360 months (30 years), rather than the 180 months (15 years) in the loan documents. They also suggested that by accepting their TPP payments for over a year, US Bank led them to believe they would receive a loan modification.

{¶ 23} Yet, US Bank's evidence showed that US Bank timely notified the Dunhams that they were ineligible for a permanent loan modification, that they were in default on their loan, and that their loan had been accelerated. *See Fifth Third Mtge. Co. v. Wizzard*, 12th Dist. Butler No. CA2012-11-226, 2013-Ohio-3084, ¶ 31 (overruling a borrower's claim of failure to notify where the lender submitted affidavit evidence that notice was mailed and the borrower did not submit contrary evidence). The evidence also showed the Dunhams were approved to begin a TPP in 2010, but that the TPP was not a promise to modify the Dunhams' loan and that no modification agreement was ever executed by the parties. *See,*

*e.g., Bank of Am., N.A. v. Robledo*, 10th Dist. Franklin No. 13AP-278, 2014-Ohio-1185, ¶ 20 (noting that courts have consistently concluded TPPs are not promises to modify a borrower's loan). Lastly, the evidence showed that at the time the loan documents were executed, the Dunhams signed a TILA disclosure statement acknowledging the life of the loan was 180 months, and that they made payments for over three years before raising any issue with the duration of the loan.

{¶ 24} Thus, the Dunhams could not rest on the mere allegations of their pleadings, but had the reciprocal burden to set forth – by affidavit or other Civ.R. 56 evidence – specific facts showing the existence of a genuine triable issue. *Asset Mgt. W. 9, L.L.C. v. McBrayer*, 12th Dist. Madison No. CA2014-02-004, 2014-Ohio-2479, ¶ 8, citing *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). They failed to do so. Instead, the Dunhams' response was unaccompanied by any Civ.R. 56 evidence, and for the most part simply reasserted allegations from their counterclaims.

{¶ 25} Employing the applicable standard of review and construing the evidence most favorably for the Dunhams, we therefore find that no genuine issues of material fact remain and reasonable minds could only conclude that US Bank is entitled to summary judgment on its complaint for foreclosure upon the Dunhams' mortgage, and on the Dunhams' counterclaims. *CitiMortgage, Inc. v. Davis*, 12th Dist. Warren No. CA2013-09-088, 2014-Ohio-3292, ¶ 31-32; *BAC Home Loans Servicing, LP. v. Mullins*, 12th Dist. Preble No. CA2013-12-015, 2014-Ohio-4761, ¶ 37.

**2. A Private Right of Action Under HAMP**

{¶ 26} Lastly, the Dunhams invite this court to find they have a private right of action against US Bank under HAMP to enforce applicable loss mitigation procedures. However, the Dunhams present this argument for the first time on appeal.

{¶ 27} It is well-settled that a party must adhere to the legal theory argued before the

trial court, and may not assert a new legal theory for the first time on appeal. *Swader v. Paramount Prop. Mgt.*, 12th Dist. Butler No. CA2011-05-084, 2012-Ohio-1477, ¶ 29. Where a party attempts to do so, the argument is considered as having been waived for purposes of appeal. *Ebbing v. Mathis*, 12th Dist. Butler No. CA2013-01-014, 2013-Ohio-3880, ¶ 24, citing *Cadwallader v. Scovanner*, 178 Ohio App.3d 26, 2008-Ohio-4166, ¶ 45 (12th Dist.). Therefore, we consider the Dunhams' arguments regarding a private right of action under HAMP as having been waived.

{¶ 28} For the foregoing reasons, the Dunhams' assignment of error is overruled.

{¶ 29} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.