{¶ 1} Defendants-appellants, Karen and Norbert Doellman, appeal from a judgment of the Butler County Court of Common Pleas, which granted summary judgment in favor of U.S. Bank Home Mortgage ("U.S. Bank") on its foreclosure claim and found that U.S. Bank was entitled to the principal amount of $118,384.45, with interest at the rate of 8.875 percent per annum from February 1, 2004, as well as "advances for taxes, insurance and [monies] otherwise expended, plus costs."
 {¶ 2} According to the record, in August 1990, the Doellmans purchased the real property located at 37 Jeremy Court in Hamilton, Ohio. They executed a promissory note to Home Federal Savings and Loan Association in the amount of $143,900. The note was secured by a mortgage on the property. The note and mortgage were later assigned to First Financial Bank, FSB ("First Financial"). The Doellmans made payments on the note until March 2004.
 {¶ 3} On June 23, 2004, First Financial initiated this foreclosure action, alleging that the Doellmans had defaulted on the note and on the mortgage securing the note. The Doellmans were served on July 30, 2004. The parties attempted to reach a loan modification agreement, but the attempt was unsuccessful.
 {¶ 4} On December 22, 2004, First Financial sought summary judgment on its foreclosure claim. The Doellmans responded that First Financial was not the real party in interest, that they had not received a notice of default prior to the acceleration of their loan, and that they had not been given an opportunity to bring their loan current prior to foreclosure.
 {¶ 5} On August 29, 2005, the Doellmans filed a motion to dismiss the action, asserting that U.S. Bank had been assigned the note in June 2005 and was the real party in interest. The trial court agreed that U.S. Bank was the real party in interest. However, it denied the motion to dismiss and permitted U.S. Bank to be substituted as the plaintiff.
 {¶ 6} On January 10, 2006, the court granted summary judgment to U.S. Bank, the substituted plaintiff. On January 26, 2006, the court reaffirmed the grant of summary judgment to U.S. Bank and entered a decree of foreclosure. This appeal followed.
 {¶ 7} The Doellmans raise three assignments of error. We will address the first and second assignments of error together.
 {¶ 8} I. "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT OVER THE JANUARY 19, 2005 AFFIDAVIT OF DEFENDANT."
 {¶ 9} II. "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT OVER THE MARCH 24, 2005 AFFIDAVIT OF DEFENDANT."
 {¶ 10} In their first and second assignments of error, the Doellmans claim that there were genuine issues of material fact which precluded summary judgment.
 {¶ 11} Our review of the trial court's decision to grant summary judgment is de novo. See Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See State ex rel. Grady v. StateEmp. Relations Bd., 78 Ohio St.3d 181, 183, 1997-Ohio-221; Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 12} On appeal, the Doellmans argue that there were genuine issues of material fact as to whether they received a notice of default, a notice of acceleration of the loan, and an opportunity to bring their loan current prior to the filing of the complaint.
 {¶ 13} In support of the summary judgment motion, First Financial provided the affidavit of its vice president, Jim Black, who stated that First Financial was the holder of the note and mortgage; that the March 1, 2004, payment and all subsequent payments were due; that First Financial had elected to accelerate the entire balance; and that the principal balance due was $118,384.45, plus interest and advances. Copies of the note and mortgage were attached to the affidavit.
 {¶ 14} In response, Norbert Doellman submitted two affidavits. The first affidavit, dated January 19, 2005, stated: "Prior to the commencement of this action, I offered to Shay [sic] Hayes, representative and employee of Plaintiff First Financial Bank, the amount of money necessary to make the payments for March, April, May, and June and bring our loan current. She refused my offer stating that she had `already sent it to the attorneys.'" In his second affidavit, filed on March 24, 2005, Doellman stated: "I am the Defendant in this case. I have not received from First Financial Bank a notice of default, a notice of acceleration, or the opportunity to bring our loan current."
 {¶ 15} In its reply, First Financial provided an affidavit by Shea Hayes, collection supervisor for First Financial. According to Hayes' affidavit, Norbert Doellman contacted her on May 17, 2004, and advised her that he had money for the March 2004 payment but he was waiting for the funds to clear the bank. On June 1, 2004, First Financial received $1,471, representing one payment. This payment was returned, because it was insufficient to bring the Doellmans' account current under the terms of a demand letter that was sent to them on May 5, 2004. On June 11, 2004, Doellman again contacted Hayes, asking if First Financial could delay foreclosure for a week or so. Hayes informed Doellman that this could not be done because they were four months delinquent. On June 17, 2004, Doellman again contacted Hayes, stating that he had three payments for the months of March, April and May 2004. Hayes indicated in her affidavit that this amount was insufficient to bring the account current. She further stated that First Financial did not refuse the Doellmans the opportunity to bring the loan current. Hayes stated: "What Plaintiff did refuse was defendants' offers to accept less than what was owed." Hayes indicated that the Doellmans "were given an opportunity to bring their loan current by a loan modification agreement, which was ultimately denied by the Federal Home Loan Mortgage Corporation."
 {¶ 16} A copy of the May 5, 2004 demand letter was attached to First Financial's reply memorandum. The letter indicated that the account was past due for the March 1, 2004 to May 1, 2004 payments, plus late charges, and that, according to the terms of the note, the entire principal "may become due and payable." The letter stated: "This is formal notification that unless your account is brought current no later than one month from today's date, it may be necessary for us to forward all the required papers to our attorney to begin foreclosure." The letter notified the Doellmans of their right to reinstatement after acceleration and the right to bring a court action to assert the nonexistence of the default and any other defenses. It further indicated that the account must be current by June 7, 2004, and that "[a]nything less than the total due will not be applied to your account."
 {¶ 17} In granting summary judgment to U.S. Bank, the trial court found that there was no genuine issue of material fact that the Doellmans had notice of the default by means of a demand letter sent on May 5, 2004. The court further found that the evidence indicated that the Doellmans were given an opportunity to bring their loan current but they had failed to do so.
 {¶ 18} In their second assignment of error, the Doellmans claim that the trial court erred in finding that there was no genuine issue of material fact as to whether they received a notice of default. In response, U.S. Bank asserts that Doellman's affidavit failed to create a genuine issue of material fact. U.S. Bank further asserts, as a threshold matter, that the Doellmans failed to raise lack of notice of default in their answer and that they could not raise the issue at the summary judgment stage.
 {¶ 19} In their answer, the Doellmans admitted that they had executed a note and mortgage. They alleged, however, that First Financial had failed to state a claim upon which relief may be granted. They also affirmatively asserted estoppel, laches, and "that in June 2004, prior to the filing of the Complaint, Defendants offered to Plaintiff the amount of money to pay all amounts due for March, April, May, and June 2004 to cure the default but that Plaintiffs refused to accept the money offered." The Doellmans did not specifically allege that First Financial failed to give them notice of default as required by the note and mortgage.
 {¶ 20} "Where a cause of action is contingent upon the satisfaction of some condition precedent, Civ.R. 9(C) requires the plaintiff to plead that the condition has been satisfied, and permits the plaintiff to aver generally that any conditions precedent to recovery have been satisfied, rather than requiring plaintiff to detail specifically how each condition precedent has been satisfied. In contrast to the liberal pleading standard for a party alleging the satisfaction of conditions precedent, a party denying the performance or occurrence of a condition precedent must do so specifically and with particularity. Civ.R. 9(C). A general denial of performance of conditions precedent is not sufficient to place performance of a condition precedent in issue. The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted." (Citations and footnote omitted.) Lewis v. Wal-mart, Inc. (Aug. 12, 1993), Franklin App. No. 93AP-121. Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent subject to Civ.R. 9(C). See Banker's Trust Co.v. Robertson, Ashland App. No. 02- CAO-30, 2003-Ohio-252.
 {¶ 21} In this case, the Doellmans did not plead First Financial's failure to provide a notice of default with the particularity required by the Civil Rules. However, upon review of the complaint, First Financial did not allege, even generally, that it complied with the condition precedents to filing the foreclosure action. Under these circumstances, the Doellmans were not required to plead with specificity that the bank failed to provide them with a notice of default. Rather, it was sufficient that the Doellmans alleged that the bank failed to state a claim upon which relief may be granted. Consequently, the Doellmans appropriately raised the lack of notice in their opposition to the motion for summary judgment.
 {¶ 22} We therefore turn to whether the trial court properly concluded that there was no genuine issue of material fact that the Doellmans were given notice of default prior to the lawsuit. Under paragraph 8 of the note, the failure to pay the full amount of each monthly payment on the date it was due constituted default. Paragraph 8 further provided, in part:
 {¶ 23} "(C) Notice of Default
 {¶ 24} "If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me."
 {¶ 25} Paragraph 9 of the note provided that notice would be given "by delivering or mailing it by first class mail."
 {¶ 26} Under paragraph 18 of the mortgage instrument, upon a breach by the Doellmans and prior to acceleration, the lender was required to mail a notice of default, specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from the date the notice was mailed, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by the mortgage, foreclosure by judicial proceeding, and sale of the property. Paragraph 14 of the mortgage provided that notice was to be given "by mailing such notice by certified mail addressed to Borrower at the Property Address * * *. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein."
 {¶ 27} In arguing that there were genuine issues of material fact as to whether they received the required notices, the Doellmans rely primarily upon Contimortgage Corp. v. Childers (May 4, 2001), Lucas App. No. L-00-1332. In Childers, the court reversed a grant of summary judgment in favor of the mortgagee when there was no evidence that the notice required by the mortgage instrument was ever given or mailed to the mortgagors. See, also, Mortgage Electronic Registration Systems,Inc. v. Akpele, Summit App. No. 21822, 2004-Ohio-3411 (summary judgment improper when there was no evidence that the alleged notice of default was properly submitted or had been mailed or received).
 {¶ 28} In the present case, there is conflicting evidence as to whether First Financial properly sent a notice of default to the Doellmans. Hayes' affidavit indicates that a demand letter was sent to the Doellmans on May 5, 2004. This demand letter apparently notified the Doellmans that they were in default, that the account must be brought current by June 7, 2004, and that a failure to do so may result in acceleration and foreclosure. Although the letter was subsequently attached to First Financial's reply memorandum, it was not incorporated by reference into an affidavit nor otherwise authenticated. Moreover, we note that, although Hayes indicates that a letter was sent, the letter was signed by Laura Martin of the Collection Department. There is no evidence as to who sent the letter or the manner in which it was sent, i.e., first class mail or certified mail. Norbert Doellman stated in his affidavit that he did not receive a notice of default from First Financial Bank, and the bank has not presented a certified mail receipt indicating that the letter was mailed by certified mail, as required by the mortgage. Upon review of the record, the trial court erred in finding that there was no genuine issue of material fact as to whether a notice of default was properly given to the Doellmans.
 {¶ 29} The Doellmans next claim that they failed to receive a notice of acceleration. We note that, if the breach was not cured as specified in the notice of default, the mortgage permitted acceleration "without further demand." See Mortgage at ¶ 18. However, because a genuine issue of material fact exists as to whether the Doellmans were properly sent a notice of default, whether they received a subsequent notice of acceleration is moot.
 {¶ 30} The second assignment of error is sustained in part and overruled, as moot, in part.
 {¶ 31} In their first assignment of error, the Doellmans assert that they did not receive an opportunity to bring their loan current prior to the filing of the foreclosure action. As stated above, in his affidavit, Doellman stated that "prior to the commencement of this action," he offered First Financial "the amount of money necessary to make the payments for March, April, May, and June and bring our loan current. [Hayes] refused my offer stating that she had `already sent it to the attorneys.'"
 {¶ 32} In light of our conclusion that a genuine issue of material fact exists as to whether the Doellmans were properly given notice of default, we likewise find that there was a genuine issue of material fact that the Doellmans had been given an opportunity to bring their loan current prior to acceleration and foreclosure, in accordance with the mortgage and the note.
 {¶ 33} The first assignment of error is sustained.
 {¶ 34} III. "THE TRIAL COURT ERRED IN GRANTING THE BANK JUDGEMENT [sic] FOR MORE THAN IT HAD PLED OR PROVEN."
 {¶ 35} In their third assignment of error, the Doellmans claim that the court erred in awarding "advances for taxes, insurance, and [monies] otherwise expended, plus costs." The Doellmans assert that the U.S. Bank "cannot recover judgment for everything it spent during this foreclosure" and that the amounts expended have not been specified. In light of our disposition of the first and second assignments of error, the third assignment of error is overruled as moot.
 {¶ 36} The judgment of the trial court will be reversed and the case remanded for further proceedings consistent with this opinion.
BROGAN, J., and FAIN, J., concur.
Wolff, J., Brogan, J., Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.