[Cite as *Fifth Third Mtge. Co. v. Orebaugh*, 2013-Ohio-1730.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| FIFTH THIRD MORTGAGE CO., | : | CASE NO. CA2012-08-153 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>4/29/2013 |
| - vs - | : | |
| | : | |
| REBECCA OREBAUGH, et al., | : | |
| Defendants-Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010-08-3193

Graydon Head & Ritchey, LLP, Stacy A. Cole and Harry J. Finke, IV, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202, for plaintiff-appellee

Worrell A. Reid, 6718 Loop Road, #2, Centerville, Ohio 45459, for defendant-appellant, Rebecca Orebaugh

**S. POWELL, J.**

{¶ 1}   A homeowner appeals a decision granting summary judgment in a foreclosure action in favor of the mortgage company.  We affirm the grant of summary judgment to the mortgage company for the reasons outlined below.

{¶ 2}   Appellant, Rebecca Orebaugh, executed a promissory note secured by a mortgage on real property with appellee, Fifth Third Mortgage Company, in 2007.  The loan

was modified in 2009. Fifth Third filed a complaint in foreclosure in Butler County Common Pleas Court on August 2, 2010. Fifth Third moved for and was granted summary judgment.

{¶ 3} Orebaugh now appeals, raising two assignments of error for our review. We note that an individual identified as Orebaugh's spouse was originally listed as a defendant, but is not part of this appeal. For ease of discussion in this appeal, we will combine both assignments of error and address them in reverse order.

{¶ 4} Assignment of Error No. 2:

{¶ 5} THE TRIAL COURT'S ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR SUMMARY JUDGMENT WAS INCORRECT AS A MATTER OF LAW AS THE EVIDENCE CREATED A TRIABLE ISSUE OF FACT RELATING TO PLAINTIFF'S/APPELLANT'S FAILURE TO JOIN AN INDISPENSABLE PARTY, MAKING SUMMARY DISPOSITION INAPPROPRIATE.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT'S ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR SUMMARY JUDGMENT WAS INCORRECT AS A MATTER OF LAW AS THE EVIDENCE CREATED A TRIABLE ISSUE OF FACT RELATING TO APPELLANT'S DEFAULT ON THE NOTE AND MORTGAGE.

{¶ 8} Summary judgment is proper where (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. *Chase Manhattan Mortg. Corp. v. Urquhart*, 12th Dist. Nos. CA2004-04-098, CA2004-10-271, 2005-Ohio-4627, ¶ 11.

{¶ 9} Civ.R. 56(E) states that when a motion for summary judgment is properly made and supported, the nonmoving party may not rest upon the mere allegations or denials of the pleadings. Instead, the burden shifts to the nonmoving party, and the nonmoving party's

response must set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party does not so respond, summary judgment, if appropriate, may be entered against the nonmoving party. *See also Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, ¶ 11; *see Highley by Highley v. Stewart & Turman, M.D.'s, Inc.*, 12th Dist. No. CA92-12-238, 1993 WL 265492 (July 19, 1993) (once moving party presents evidentiary materials supporting summary judgment motion, nonmoving party must supply evidentiary materials setting forth specific facts beyond the allegations and the pleadings that demonstrate that there is a genuine issue for trial). An appellate court reviews the grant of a summary judgment motion de novo. *Chase*.

{¶ 10} Orebaugh contends in her second assignment of error that summary judgment was not proper because Fifth Third failed to join Fannie Mae and the United States as parties to the case, when she alleges they are owners of the note and mortgage. The record indicates that Fifth Third stated in an affidavit filed for purposes of summary judgment that it is the holder of the note and mortgage at issue and Fannie Mae owns the note and mortgage.

{¶ 11} It is well-settled that the real party in interest in a foreclosure action is the current holder of the note and mortgage. *BAC Home Loans Servicing, LP v. Kolenich*, 12th Dist. No. CA2012-01-001, 2012-Ohio-5006, ¶ 38-39; *see Everhome Mtge. Co. v. Rowland*, 10th Dist. No. 07AP-615, 2008-Ohio-1282, ¶ 12. The current holder of the note and mortgage is entitled to bring a foreclosure action against a defaulting borrower even if the current holder is not the owner of the note and mortgage. *Kolenich* at ¶ 38, citing R.C. 1303.31(A) (person entitled to enforce negotiable instrument includes the holder of the instrument) and R.C.1303.31(B) (person may be a "person entitled to enforce" the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument).

{¶ 12} In addition, Civ.R. 17(A) provides that every action shall be prosecuted in the name of the real party in interest, and in a foreclosure action, the entity that is the current holder of the note and mortgage is the real party in interest. *Deutsche Bank Natl. Trust Co. v. Sexton,* 12th Dist. No. CA2009-11-288, 2010-Ohio-4802, ¶ 9 (real party in interest is one who can discharge the claim upon which the suit is brought, or is the party who, by substantive law, possesses the right to be enforced).

{¶ 13} Construing the evidence most favorably for Orebaugh, as the nonmoving party, we find there are no genuine issues of material fact and reasonable minds can come to but one conclusion, and that conclusion is adverse to Orebaugh. The evidence shows that Fifth Third is the holder of the note and mortgage and was entitled to bring this foreclosure action. Therefore, Orebaugh failed to show that failure to join the owner of the note precluded summary judgment. Summary judgment to Fifth Third is appropriate on the issue of failure to join the owner of the note. Orebaugh's second assignment of error is overruled.

{¶ 14} Orebaugh next argues under her first assignment of error that there are genuine issues of material fact regarding whether she was in default of payment. Specifically, Orebaugh argues that she received an inadequate notice of default because the amount of the default as stated by Fifth Third in its default notice was incorrect and she tendered payments that were rejected.

{¶ 15} The promissory note in this case states in paragraph 6, in pertinent part:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of the Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means

{¶ 16} According to paragraph 7, any notice that must be given to the borrower under the note will be given by delivering it or by mailing it by first class mail to the borrower.

{¶ 17} Paragraph 22 of the mortgage states, in part, that the lender shall give notice to borrower prior to acceleration, following borrower's breach of any covenant or agreement. The notice shall specify: the default; the action required to cure the default; a date, not less than 30 days from the date the notice is given to the borrower, by which default must be cured; and that failure to cure the default on or before date specified in the notice may result in acceleration of the sums secure by this security instrument, foreclosure by judicial proceeding and sale of the property. The notice should also inform the borrower of the right to reinstate after acceleration and the right to assert in the foreclosure preceding the non-existence of a default or any other defense to acceleration and foreclosure.

{¶ 18} Paragraph 15 of the mortgage stated that notices to borrower shall be deemed given when mailed by first class mail or when actually delivered to borrower's notice address, if sent by other means.

{¶ 19} Fifth Third provided an affidavit of an employee for Fifth Third Bank, as servicing agent for Fifth Third Mortgage Company, who has custody of the records for Orebaugh's loan. The affiant stated that Orebaugh is in default of payment on the note because the payment for April 2010 and thereafter has not been paid. Fifth Third's complaint, as well as the aforementioned affidavit averred that Fifth Third performed all of the prerequisites necessary under the note and mortgage to accelerate the note balance.

{¶ 20} The affiant stated that a letter attached to the affidavit was sent to Orebaugh by ordinary mail. The letter, dated June 2, 2010, included statements that Orebaugh was in default of payment, provided a deadline for payment of the past-due amounts, and indicated the note would be accelerated if the default was not cured. The complaint in foreclosure was filed on August 2, 2010.

{¶ 21} In reference to her first assertion, Orebaugh avers in her affidavit attached to a previous responsive pleading that she "generally paid $475.00 (including taxes and interest)

pursuant to the terms of the modified HAMP loan," and did not owe the amount of $1968.98, as stated in the notice of default. She also claims she attempted to "bring the debt current," but Fifth Third refused the "tendered payments."

{¶ 22} For purposes of this discussion, "HAMP," as explained by the appellate court in *CitiMortgage, Inc. v. Carpenter*, 2nd Dist. No. 24741, 2012-Ohio-1428, is the acronym for Home Affordable Modification Program, which is part of the U.S. Department of Treasury's effort to help defaulting homeowners or those at risk for defaulting by providing financial incentives to participating mortgage servicers to modify terms of eligible loans. *Id.* at ¶ 11-12.

{¶ 23} After reviewing Orebaugh's previously filed affidavit, we observe that Orebaugh has provided no other materials to corroborate the bare assertions in her affidavit that the claimed deficiency was incorrect, or any circumstances surrounding the alleged payments that were tendered, but allegedly rejected.

{¶ 24} It is well-established that a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56 will not be sufficient to demonstrate material issues of fact. *Hillstreet Fund III, L.P. v. Bloom*, 12th Dist. No. CA2009-07-178, 2010-Ohio-2961, ¶ 10. To hold otherwise would undermine the function of the summary judgment exercise and allow the nonmoving party to avoid summary judgment by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party. *Id.*

{¶ 25} Construing the evidence most favorably for Orebaugh, we find no genuine issues of material fact remain and reasonable minds could come to but one conclusion on the specific issues of default and tendered payments and that conclusion is adverse to Orebaugh. Summary judgment to Fifth Third on this basis is warranted.

{¶ 26} Orebaugh also contends that Fifth Third did not properly provide notice of default because it was required to provide notice in accordance with 24 C.F.R. 203.606 and

other procedures because her loan was "federally affected" as a result of the HAMP loan modification. Specifically, Orebaugh states in her affidavit that she "was never given a notice of default as prescribed by the Secretary of Housing and Urban Development (HUD), nor a face-to-face interview before the foreclosure was filed."

{¶ 27} First, we note that Fifth Third's complaint averred that it performed all of the conditions precedent required to be performed. A review of Orebaugh's answer indicates that she generally asserted that Fifth Third failed "to give the notices required by the terms of the note and modification agreement."

{¶ 28} To the extent that Orebaugh is alleging the notices required by the note and modification agreement were conditions precedent to filing the foreclosure, this court previously observed that, in dealing with a cause of action contingent upon the satisfaction of some condition precedent, Civ.R. 9(C) requires the lender to plead that the condition has been satisfied and permits the lender to aver generally that any conditions precedent to recovery have been satisfied. *First Financial Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222, ¶ 2.

{¶ 29} In contrast to the "liberal pleading standard" for a party alleging the satisfaction of conditions precedent, a party denying the performance or occurrence of a condition precedent must do so specifically and with particularity. *Id.*; *see* Civ.R. 9(C) (a general denial of performance of conditions precedent is not sufficient to place performance of a condition precedent in issue). Conditions precedent that are not denied in the manner provided by Civ.R. 9(C) are deemed admitted. *Id.*

{¶ 30} Even if Orebaugh's denials were sufficient, her argument fails for other reasons.

{¶ 31} The federal regulation cited by Orebaugh – 24 C.F.R. 203.606 – states, in pertinent part, that a lender cannot commence foreclosure for a monetary default unless at least three full monthly installments due under the mortgage are unpaid, and it shall notify the

borrower in a specific format prescribed by the secretary of HUD that the borrower is in default and the lender intends to foreclose unless the default is cured. *See also* 24 C.F.R. 203.604 (lender must have face to face meeting with borrower or make reasonable effort to arrange such a meeting).

{¶ 32} Some courts have found that if the terms of a note and mortgage subject it to HUD regulations regarding default and acceleration, then a homeowner may use a servicer's failure to comply with those regulations to defend a foreclosure action. *See, e.g., BAC Home Loans Servicing, LP v. Taylor*, 9th Dist. No. 26423, 2013-Ohio-355; *see, e.g., U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408 (5th Dist.) (holding loan was subject to HUD regulations and triable issue existed as to whether bank satisfied all conditions precedent to foreclosure, including an effort to schedule a face-to-face interview with mortgagor); *see Washington Mutual Bank v. Mahaffey*, 154 Ohio App.3d 44, 2003-Ohio-4422 (2nd Dist.); *but see Chase Home Fin. L.L.C. v. Middleton*, 5th Dist. No. 12 CA 10, 2012-Ohio-5547, ¶ 31 (where borrower conceded loan was not an "FHA" loan, court found that Fannie Mae Servicing Guidelines are part of contractual agreement between lender and Fannie Mae, and borrower would not be a party to such an agreement in order to enforce it).

{¶ 33} We previously provided the pertinent language of Orebaugh's note and mortgage, and have reviewed the loan modification. Other than the bare assertion in her affidavit, Orebaugh presents no evidence that her note, mortgage, and loan modification were subject to 24 C.F.R. 203.606, or 24 C.F.R. 203.604, or any related regulations. Further, she has not shown that the provisions outlined in the federal regulations cited above were incorporated into the note, the mortgage, or the loan modification, or that the loan modification changed any previous notice provisions in that manner. *See CitiMortgage, Inc. v. Carpenter*, 2012-Ohio-1428 (discusses issues with HAMP servicing agreements).

{¶ 34} We have considered all of the arguments and applicable law advanced by

Orebaugh in this appeal. Construing the evidence most favorably for Orebaugh, we find there are no genuine issues of material fact and reasonable minds can come to but one conclusion, and that conclusion is adverse to Orebaugh. Fifth Third is entitled to summary judgment on the issue of the federal regulations notice provisions. Orebaugh's second assignment of error is overruled.

{¶ 35} Judgment affirmed.

HENDRICKSON, P.J. and PIPER, J., concur.