[Cite as *Huntington Bank v. Popovec*, 2013-Ohio-4363.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE HUNTINGTON BANK<br>SUCCESSOR BY MERGER WITH<br>SKY BANK, | )<br>)<br>) | CASE NO. 12 MA 119 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DAVID B. POPOVEC, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas
                                   Court, Case No. 08 CV 1014.

JUDGMENT:                          Affirmed.

APPEARANCES:
For Plaintiff-Appellee:            Attorney Eric Deighton
                                   Carlisle, McNellie, Rini, Kramer
                                   & Ulrich Co., LPA
                                   24755 Chagrin Blvd., Suite 200
                                   Cleveland, OH  44122

For Defendants-Appellant:          Attorney Bruce Broyles
                                   5815 Market Street, Suite 2
                                   Youngstown, OH  44512

JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                                   Dated: September 23, 2013

DeGenaro, P.J.

{¶1}  Defendants-Appellant, Eva Popovec, appeals the June 6, 2012 judgment of the Mahoning County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee, The Huntington National Bank, in a foreclosure action.  On appeal, Popovec asserts that summary judgment was improper because she presented evidence demonstrating that Huntington failed to meet a condition precedent to foreclosure, namely that it failed to provide proper notice of default and acceleration, pursuant to the note and mortgage.  Huntington counters that Popovec was precluded from contesting the validity of Huntington's notice because she failed to file an answer.

{¶2}  Upon review, Huntington is correct and Popovec's assignment of error is meritless.  Popovec failed to file an answer in this case and thus has failed to specifically deny Huntington's compliance with the notice provision, pursuant to Civ.R. 9(C).  Thus, Huntington's performance of this condition precedent is deemed admitted, and Popovec was barred from later contesting the propriety of Huntington's notice in her brief in opposition to Huntington's motion for summary judgment, and consequently, now on appeal.  Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3}  On October 3, 2003, Popovec, along with her then-husband David executed and delivered a promissory note to Sky Bank.  The note was secured by a mortgage on property located at 6405 Farmington Circle in Canfield.  Huntington is Sky Bank's successor by merger.

{¶4}  On March 12, 2008, Huntington filed a complaint for foreclosure, naming, among others, Popovec as a defendant and asserting that Popovec had defaulted on the Note and owed $182,642.82 plus interest.  In the Complaint, Huntington generally pled that it had satisfied all conditions precedent to filing the foreclosure action.  Popovec was properly served with the summons and complaint.

{¶5}  After no answer was filed, Huntington filed a motion for default judgment which was granted by the trial court on June 19, 2008.  Therein the trial court noted that Popovec had filed for bankruptcy, listing Huntington's claim, and that as a result no money judgment could be entered against Popovec.

**{¶6}** The initial order of sale was recalled. On June 3, 2011, just before the property was again set to be sold at sheriff's sale, Popovec filed a motion to vacate the default judgment. The trial court stayed the sale pending ruling on the motion. As her meritorious defense in her 60(B) motion, Popovec alleged that Huntington was not the real party in interest. She asked the trial court to vacate the June 19, 2008 order granting default judgment under Civ.R. 60(B)(5), the so-called "catch-all" provision, and sought leave to file an answer setting forth her meritorious defense. Huntington filed a brief in opposition and Popovec replied, alleging additionally that since Huntington was merely a servicer and not the real party in interest that it could not have provided Popovec notice of default pursuant to the terms of the promissory note.

**{¶7}** On October 27, 2011, the magistrate issued a decision granting Popovec's 60(B) motion to afford her "the opportunity to present her meritorious defense(s)."

**{¶8}** When five months went by and Popovec had still not filed an answer or responsive pleading, Huntington filed a motion for summary judgment. It alleged that there was no genuine issue of material fact: Popovec defaulted on the note and mortgage by failing to pay; and Huntington properly exercised its option to accelerate the unpaid balance of the note and proceed with foreclosure. Attached to its motion for summary judgment were the affidavit of Clair Turk, an authorized signer for Huntington, the acceleration and default notice sent to Popovec and the certified mail receipts showing the mailing date and the date Popovec signed and received the notice.

**{¶9}** Popovec filed a combined cross-motion for summary judgment and brief in opposition to Huntington's motion for summary judgment on May 2, 2012. Popovec attached no affidavits or other exhibits to this motion. Therein, she alleged Huntington's notice of acceleration and default failed to comply with the terms of the note and mortgage insofar as it did not provide her sufficient time to cure the default and because it was not sent by the proper party. This was the first time Popovec had ever raised the time issue; she did allege that notice was sent by an improper party in her reply brief in support of her motion to vacate.

**{¶10}** On May 24, 2012, Huntington filed a combined reply to Popovec's brief in

opposition to summary judgment along with a brief in opposition to Popovec's summary judgment motion. Again it attached the affidavit of Clair Turk, the acceleration and default notice sent to Popovec and the various certified mail receipts.

{¶11} On June 6, 2012, the trial court granted Huntington's summary judgment motion and ordered foreclosure, finding no just cause for delay. On June 27, 2012, Popovec filed a notice of appeal with this court along with a motion for stay in the trial court. On August 13, 2012, the magistrate issued an order granting a stay pending the outcome of this appeal.

### Failure to File Answer Contesting Performance of Condition Precedent

{¶12} In her sole assignment of error, Popovec asserts:

{¶13} "The trial court erred in granting summary judgment when there was evidence demonstrating that Appellee failed to meet a condition precedent."

{¶14} Popovec asserts that the trial court erred in finding that there was no genuine issue of material fact as to whether the notice of acceleration/default complied with the terms of the note and mortgage. In response, Huntington asserts, as a threshold matter, that Popovec failed to raise Huntington's alleged failure to meet this condition precedent insofar as she did not file an answer in this case. As such, Huntington asserts that it was improper for Popovec to raise this issue for the first time in her brief in opposition to Huntington's motion for summary judgment.

{¶15} "Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent," and it is subject to the requirements of Civ.R. 9(C). *First Financial Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222, ¶20. Civ.R. 9(C) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." By contrast, "[a] denial of performance or occurrence shall be made specifically and with particularity." *Id.* Conditions precedent that are not denied in the manner provided by Civ.R. 9(C) are deemed admitted. *Fifth Third Mtge. Co. v. Orebaugh*, 12th Dist. No. CA2012–08–153, 2013-Ohio-1730, ¶29, citing *First Financial* at ¶20; *see also* Civ.R. 8(D).

**{¶16}** Here, Huntington alleged in its complaint that "it has performed all of the conditions precedent required to be performed by it." This is sufficient under Civ.R. 9(C). Popovec failed to file an answer in this case and thus has failed to deny Huntington's performance of the condition precedent. Thus, Huntington's performance of the condition precedent is deemed admitted. Accordingly, Popovec was barred from later contesting the propriety of Huntington's notice in her brief in opposition to Huntington's motion for summary judgment, and consequently, now on appeal. *See, e.g., Satterfield v. Adams Cty./Ohio Valley School Dist.*, 4th Dist. No. 95CA611, 1996 WL 655789, *5 (Nov. 6, 1996) (where defendant failed to specifically deny performance of a condition precedent in its answer pursuant to Civ.R. 9(C) compliance was deemed admitted and defendant could not subsequently raise the issue on appeal.)

**{¶17}** In conclusion, Popovec's assignment of error is meritless. Popovec failed to file an answer in this case and thus has failed to specifically deny Huntington's compliance with the mortgage's notice provision, pursuant to Civ.R. 9(C). Performance of the notice provision constitutes a condition precedent to foreclosure. Thus, Huntington's performance of this condition precedent is deemed admitted, and Popovec was barred from later contesting the propriety of Huntington's notice in her brief in opposition to Huntington's motion for summary judgment, and consequently, now on appeal. Accordingly, the judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.