[Cite as *Wells Fargo Bank, N.A. v. Thatcher*, 2013-Ohio-5828.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC. f.k.a. NORWEST MORTGAGE, INC., | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2013-L-030** |
| | : | |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| DONNA MARIE THATCHER, et al., | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 11CF001391.

Judgment: Affirmed.

*Jennifer E. Powers* and *April A. Brown,* Lerner Sampson & Rothfuss, 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45202, and *Scott A. King* and *Terry W. Posey, Jr.,* Thompson Hine, LLP, Austin Landing 1, 10050 Innovation Drive, Suite 400, Dayton, OH 45342 (For Plaintiff-Appellee).

*David N. Patterson,* 33579 Euclid Avenue, Willoughby, OH 44094-3199 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Donna Marie Thatcher, appeals from the judgment of the Lake County Court of Common Pleas entering summary judgment in favor of appellee, Wells Fargo Bank, N.A. Successor by merger to Wells Fargo Home Mortgage, Inc. f.k.a. Norwest Mortgage, Inc. ("Wells Fargo"). We affirm the judgment of the trial court.

{¶2} In October 1998, appellant, together with her now-deceased husband, John Thatcher, entered into a loan agreement with Norwest Mortgage, Inc. whereby Norwest agreed to lend the Thatchers $73,000 in exchange for the execution of a promissory note and the filing of a mortgage. The mortgage encumbered the subject real estate and the agreement was reduced to writing in the form of a promissory note and a mortgage. The loan documents were executed and the mortgage was subsequently recorded in the Lake County Recorder's Office.

{¶3} In April 2000, Norwest changed its name to Wells Fargo Home Mortgage, Inc. ("WFHMI"). And WFHMI merged into Wells Fargo in August 2004.

{¶4} In June 2011, Wells Fargo filed its complaint in foreclosure. The complaint alleged appellant defaulted under the terms of the note and the mortgage securing the same. The complaint further pleaded that Wells Fargo had complied with all conditions precedent in the original loan instrument thereby entitling it to foreclose upon the mortgage. Wells Fargo further attached documents describing Norwest's name change to WFHMI, and WFHMI's merger into Wells Fargo.

{¶5} Appellee filed an answer that set forth various affirmative defenses; none, however, specifically addressed the notice of default on the loan. And, the answer did not contest Wells Fargo's compliance with all conditions precedent in the loan.

{¶6} Wells Fargo filed a motion for summary judgment and attached an affidavit of Susan Garrison, a "Vice President Loan Documentation for Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage, Inc." Garrison averred her affidavit was based upon a "personal review of business records for the [Thatcher] loan" and those records are "compiled and recorded as part of Wells Fargo's regularly

2

conducted business activity at or near the time of the occurrence." Garrison further averred the loan not paid under the terms of the note and mortgage and the account was therefore accelerated. The affidavit described the amount due through February 28, 2012, as well as the interest due through the date of default. And, finally, attached to the affidavit, Garrison included copies of documents demonstrating Norwest's name change to WFHMI and the subsequent merger of WFHMI with Wells Fargo.

{¶7} Appellant's memorandum in opposition to Wells Fargo's motion for summary judgment asserted: (1) Wells Fargo failed to satisfy the notice clause in the mortgage and therefore violated a condition precedent, and (2) Wells Fargo failed to attach any payment history to illustrate appellant's alleged default. Wells Fargo filed a reply to appellant's memorandum, arguing appellant failed to specifically assert her denial of Wells Fargo's performance of any conditions precedent in her answer in violation of Civ.R. 9(C). And, furthermore, the Garrison affidavit was sufficient to demonstrate appellant was in default and the amount due with interest.

{¶8} After considering the parties' relative positions, the trial court entered summary judgment in Wells Fargo's favor. Appellant appeals asserting the following assignment of error:

{¶9} "Reviewing the appellee's motion for summary judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of appellant by granting appellee's motion for summary judgment in favor of appellee on the foreclosure complaint."

{¶10} Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter

3

of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C). When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992). An appellate court reviews a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶11} Under her assignment of error, appellant first asserts the trial court erred in granting summary judgment because genuine issues of material fact exist regarding whether Wells Fargo established itself as the real party in interest. Appellant contends Wells Fargo does not have an interest in the subject mortgage because, in its view, the note was severed from the mortgage at its origination. And, when the note was transferred from Norwest, to WFHMI, to Wells Fargo, appellants assert, the mortgage did not follow. We do not agree.

{¶12} We first note that appellant did not raise the standing issue before the trial court. In the past, the Supreme Court of Ohio held that a "[l]ack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court." (Citations and footnote omitted.) *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, (1998). Hence, a standing or real party in interest defense to a foreclosure was considered waived, if not timely asserted before the trial court. *See Mid-State Trust IX v. Davis*, 2d Dist. Champaign No. 07-CA-31, 2008-Ohio-1985, ¶56.

4

**{¶13}** Recently, however, in the context of a mortgage foreclosure action, the Ohio Supreme Court concluded that standing is jurisdictional and is determined when a lawsuit is commenced. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶24. Because standing is a jurisdictional requirement, the complaint must be dismissed if the plaintiff lacks standing. *Id.* at ¶ 40. Moreover, because standing concerns the subject matter jurisdiction of the court, standing is an issue that cannot be waived and may be raised at any time, even after judgment. *BAC Home Loans Servicing, L.P. v. Meister*, 11th Dist. Lake No. 2012-L-042, 2013-Ohio-873, ¶6, citing *Byard v. Byler*, 74 Ohio St.3d 294, 296 (1996). With these points in mind, we shall proceed and address appellant's preliminary argument.

**{¶14}** Garrison's affidavit demonstrates that Wells Fargo, the successor in interest to Norwest Mortgage, which later changed its name to WFHMI, is the holder of both the note and the mortgage at issue. Moreover, documentation attached to the Garrison affidavit demonstrate that Wells Fargo obtained an interest in the note in 2004 and therefore had standing to invoke the jurisdiction of the lower court when it filed suit in 2011. *See Schwartzwald, supra*, at ¶21, ¶22, and ¶28. Appellant's first argument therefore lacks merit.

**{¶15}** Appellant next argues the trial court erred in granting Wells Fargo summary judgment because it failed to establish satisfaction of all conditions precedent in the mortgage. We do not agree.

**{¶16}** Appellant signed the mortgage as a "borrower." Pursuant to the agreement, she was entitled to advance notice prior to Wells Fargo acceleration following appellant's breach of any conditions. "Where a prior notice of default and/or

acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent subject to Civ.R. 9(C)." *First Financial Bank v. Doellman*, 12th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶20.

{¶17} Civ.R. 9 governs "pleading special matters." Civ.R. 9(C) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

{¶18} In this case, Wells Fargo, in its complaint, stated generally that it had complied with all conditions precedent and, as a result, met the requirements of Civ.R. 9(C). Appellant, however, did not specifically or particularly deny Wells Fargo's performance or occurrence of compliance. Indeed, appellant did not even generally claim that Wells Fargo had failed to comply with the notice provision in the acceleration clause. Where a plaintiff generally pleads that a condition precedent has been satisfied, a general denial of performance of conditions is not sufficient to place performance of the conditions precedent in issue. *Doellman*, *supra.* When a plaintiff meets its obligations under Civ.R. 9(C), but a defendant fails to deny compliance in the manner prescribed by Civ.R. 9(C), compliance is deemed admitted. *Id.* citing *Lewis v. Wal-Mart, Inc*, 10th Dist. Franklin No. 93AP-121, 1993 Ohio App. LEXIS 3920 (Aug.12 1993). Because appellant failed to meet her obligations under the special pleading requirements of Civ.R. 9(C), Wells Fargo's compliance with the notice provision was conceded. Wells Fargo was therefore entitled to judgment as a matter of law on this issue.

6

{¶19} For her final argument, appellant contends Wells Fargo failed to produce sufficient evidence regarding the status and balance of the account. Appellant argues Wells Fargo's failure to attach a payment history to its motion for summary judgment establishing delinquency precluded the trial court from entering summary judgment. We do not agree.

{¶20} Preliminarily, there is no requirement that a party seeking a foreclosure submit a payment history to demonstrate entitlement to summary judgment. *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶40. Rather, an affidavit establishing a loan is in default is sufficient to demonstrate entitlement to summary judgment where there is no evidence controverting the affiant's averments. *See e.g. Cent. Mortg. Co. v. Elia*, 9th Dist. Summit No. 25505, 2011-Ohio-3188, ¶7.

{¶21} As discussed above, Wells Fargo submitted Garrison's affidavit in support of its motion. In her affidavit, Garrison averred she had personal knowledge of appellant's account; that the account was in default; the default was not cured; and the acceleration clause was triggered pursuant to the agreement. Garrison further set forth the specific amount due on the loan, including the principal balance as well as the interest. Appellant did not dispute the evidential quality of the affidavit and did not provide evidence that would controvert Garrison's averments regarding the status or balance of the account.

{¶22} In *Wachovia Bank v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, the court held that in order to properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials

7

showing: (1) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Id.* ¶40-45.

**{¶23}** As discussed above, Wells Fargo, via the Garrison affidavit, provided evidence to satisfy all the foregoing criteria. We therefore hold Wells Fargo set forth sufficient evidence to support its motion for summary judgment. And, because appellee failed to meet its reciprocal burden of submitting evidence that would create a genuine issue of material fact for trial, we conclude the trial court did not err in awarding Wells Fargo summary judgment as a matter of law.

**{¶24}** Appellant's assignment of error is without merit.

**{¶25}** For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents.

8