[Cite as *Deutsche Bank Natl. Trust Co. v. Dowd*, 2015-Ohio-3799.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Deutsche Bank National Trust Company,
as Trustee for the Harbor View Mortgage
Trust 2006-9 Trust Fund

       Appellee

v.

Vickie L. Dowd, et al.

       Appellants

Court of Appeals No. E-13-043

Trial Court No. 2010CV0814


**DECISION AND JUDGMENT**

Decided:  September 18, 2015

* * * * *

Jason A. Whitacre and Laura C. Infante, for appellee.

Craig T. Conley, for appellants.

* * * * *

**JENSEN, J.**

## I.  Introduction

{¶ 1} This is an appeal from a judgment in foreclosure of the Erie County Court of

Common Pleas, granting summary judgment in favor of appellee, Deutsche Bank

National Trust Company, as trustee for the Harbor View Mortgage Trust 2006-9 Trust

Fund (hereinafter, the "appellee").  For the reasons set forth below, we affirm.

## II.  Statement of Facts and Procedural History

{¶ 2} On August 3, 2006, appellants, Vickie L. Dowd and Thomas F. Dowd, purchased a home located at 2137 Cedar Point Road, Sandusky in Erie County, Ohio.  To finance the purchase, appellant Vickie L. Dowd borrowed $540,000 from Paragon Home Lending, LLC and agreed to repay the loan in a promissory note.  The repayment obligations were secured by a mortgage, executed by both appellants and recorded on August 28, 2006.

{¶ 3} In late 2009, according to the complaint, appellants defaulted on the payment obligations set forth in the note and mortgage.  On October 6, 2010, appellee filed suit against appellants.  In the complaint, appellee asserted that appellants were in default, that appellee "has" accelerated the amount due, that all conditions precedent had been satisfied, and that it was entitled to foreclose the mortgage.  Appellee claimed that it was owed $580,045.35, plus interest, from November 1, 2009, and continuing.

{¶ 4} Appellee attached three exhibits to the complaint.  Exhibit A is the promissory note between Vickie Dowd and Paragon Home Lending.  Exhibit B is the mortgage between appellants and MERS, as nominee for Paragon.  Exhibit C is a mortgage assignment from MERS to appellee, dated March 15, 2010.  The mortgage assignment was recorded on March 19, 2010.  An amended promissory note, indorsed in blank, was filed with the court on January 11, 2012.

2.

**{¶ 5}** On December 2, 2010, appellants filed an answer. Appellants admitted that they were parties to the agreements but denied for lack of knowledge, or because they were not true, the remaining allegations. Appellants raised a number of affirmative defenses.

**{¶ 6}** On April 30, 2013, appellee moved for summary judgment, arguing that it was entitled to enforce the note and mortgage, as a matter of law.[1]

**{¶ 7}** On May 3, 2013, appellants filed "Defendants' Memorandum Contra and Defendants' Motion for Summary Judgment." They argued that appellee failed to meet the conditions precedent prior to filing suit. Appellants also challenged appellee's standing to sue, arguing that there was a gap in the "chain of title" of the mortgage and note.

**{¶ 8}** On July 10, 2013, the trial court granted appellee's motion and denied appellants' motion. The court ordered appellants' rights in the premises foreclosed and ordered the property sold.

**{¶ 9}** Appellants appealed the judgment on August 7, 2013, and the order of sale was withdrawn, pending this appeal. Appellants claim two assignments of error.

### III. Appellants' Assignments of Error

1. The Trial Court below erred in granting summary judgment to Plaintiff/Appellee.

---

[1] Appellee filed a previous motion for summary judgment against appellants which the trial court initially granted, by order dated September 10, 2012. The trial court then vacated its order on October 3, 2012. Neither the motion nor orders are at issue herein.

3.

2. The Trial Court below erred in denying summary judgment to Defendants/Appellants.

### IV. Law and Analysis

{¶ 10} We review summary judgment rulings de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate where: (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The party moving for summary judgment bears the initial burden of identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). The burden then shifts to the non-moving party to submit or point to some evidentiary material showing that there is a genuine issue for trial. *Henkle v. Henkle,* 75 Ohio App.3d 732, 735, 600 N.E.2d 791 (12th Dist.1991).

{¶ 11} To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if

4.

the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgager is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *U.S. Bank, N.A. v. Coffey,* 6th Dist. Erie No. E-11-026, 2012-Ohio-721, ¶ 26.

{¶ 12} In this case, appellants raise two arguments in support of the appeal. First, they challenge the fourth element of appellee's prima facie case, that it failed to meet the conditions precedent prior to filing suit. Appellants argue that appellee was required to give notice of its intent to accelerate payment of the loan and that appellee failed to satisfy that condition.

{¶ 13} The note and mortgage in this case require that, in the event of default, the lender/mortgagee provide notice to the borrower/mortgagor that it intends to accelerate repayment of the loan. The notice must specify, in part, that the lender may pursue its right to foreclose in a judicial proceeding.

{¶ 14} In paragraph 3 of the complaint, appellee alleged as follows:

{¶ 15} [Appellee] says that the conditions in said mortgage have been broken by reason of default in payment, that the same has become absolute, that the conditions precedent have been satisfied, that [appellee] is entitled to foreclosure of said mortgage; that the [appellants] named in the Complaint, have or claim to have an interest in the premises described in EXHIBIT B.

{¶ 16} In their answer, appellants responded, "[appellants] admit they have an interest in the subject premises, but deny, either because of lack of knowledge

5.

or because they are not true, the remaining allegations contained in paragraph 3 of [appellee's] Complaint."

{¶ 17} "Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent subject to Civ.R. 9(C)." *First Fin. Bank v. Doellman,* 9th Dist. Butler No. CA2006-02-029, 2007-Ohio-222, ¶ 20.

{¶ 18} Civ.R. 9(C) provides, "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

{¶ 19} Thus, while a general averment that all conditions precedent have been performed is sufficient, a party denying as much is held to a higher standard.

> In contrast to the liberal pleading standard for a party alleging the satisfaction of conditions precedent, a party denying performance or occurrence of a condition precedent must do so specifically and with particularity. Civ.R. 9(C). A general denial of performance of conditions precedent is not sufficient to place performance of a condition precedent in issue. * * * The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted. Coffey, 6th Dist. Erie No. E-11-026, 2012-Ohio-721, at ¶ 3, quoting *Lewis v.*

6.

*Wal-Mart, Inc.*, 10th Dist. Franklin No. 93AP-121, 1993 WL 310411, *3 (Aug. 12, 1993).

{¶ 20} In a similar case before this court, the defendant-homeowner generally denied in her answer the bank's claim that it had satisfied the conditions precedent. Because the homeowner "failed to deny the [bank's] performance with specificity or particularity, the satisfaction of the conditions precedent is deemed admitted, and no genuine issue of material fact exists on this subject." *Bank of Am., N.A. v. Duran*, 6th Dist. Lucas No. L-14-1031, 2015-Ohio-630, ¶ 49.

{¶ 21} We reach the same result. That is, appellants' failure to dispute specifically and with particularity appellee's claim that it satisfied the conditions precedent operates as an admission on that subject by appellant.

{¶ 22} Further, Vickie Dowd's subsequent claim, by way of affidavit filed in support of summary judgment, that she had "neither recollection or record of having received the notice [of acceleration]" does not, as a matter of law, create an issue of fact on that issue. By operation of Civ.R. 9(C), the affirmative defense must be raised in the answer or it is deemed admitted. *Bank of Am., N.A. v. Staples*, 7th Dist. Mahoning No. 14MA109, 2015-Ohio-2094, ¶ 46.

{¶ 23} Appellants also challenge the first element of appellee's prima facie case, that appellee did not demonstrate that it had standing "to bring and/or maintain this action." Appellants claim that "there is an unexplained 'gap' in the 'chain of title' vis-à-vis assignment of the subject Note and/or Mortgage." Specifically, they claim that

7.

appellee did not provide evidence of an assignment from appellee to Bank of America, N.A.  The record indicates that, at one point during the trial phase of this case, Bank of America, N.A. was substituted as the proper plaintiff.

{¶ 24} Standing to sue in the foreclosure arena must be determined at the commencement of the suit.  *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28.  Thus, if a party seeking to foreclose fails to establish "an interest in the note *or* mortgage at the time it filed suit, it [has] no standing to invoke the jurisdiction of the common pleas court."  (Emphasis added.)  *Bank of New York Mellon v. Matthews*, 6th Dist. Fulton No. F-12-008, 2013-Ohio-1707, ¶ 11, quoting *Schwartzwald* at ¶ 28.

{¶ 25} "Ohio's version of the Uniform Commercial Code ("U.C.C.") governs who may enforce negotiable instruments, including promissory notes secured by mortgages on real estate."  *Wright-Patt Credit Union, Inc. v. Byington,* 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 11.  *See also* R.C. 1301.01 et seq.[2]  A "person entitled to enforce" an instrument includes "the holder of the instrument."  R.C. 1303.31.  A "holder" means either of the following:  (a) if the instrument is payable to bearer, a person who is in possession of the instrument; (b) if the instrument is payable to an identified person, the identified person when in possession of the instrument."  R.C. 1301.01.

---

[2] R.C. 1301.01 was repealed by Am.H.B. No. 9, 2011 Ohio Laws File 9, effective June 29, 2011.  That act amended the provisions of R.C. 1301.01 and renumbered that section so that it now appears at R.C. 1301.201.  Because R.C. 1301.201 only applies to transactions entered on or after June 29, 2011, we apply R.C. 1301.01 to this appeal.

{¶ 26} In this case, the assignment of the mortgage from Paragon Home Lending, LLC to appellee was notarized on March 15, 2010, and then recorded on March 19, 2010. Appellee filed suit more than six months later, on October 6, 2010, with the assignment of the mortgage attached to the complaint as exhibit C. Thus, appellee held the mortgage prior to the commencement of the action and was entitled to enforce it under R.C. 1301.01. Further, appellee had standing to sue, as a matter of law, pursuant to *Schwartzwald.*

{¶ 27} Moreover, contrary to appellants' claim, there is no "unexplained gap" in the chain of assignments. As noted, the appellee was the original plaintiff. On August 22, 2011, it moved to substitute Bank of America, N.A. as the proper plaintiff. In support, it filed an "Assignment of Note and Mortgage," dated August 2, 2011, *from* appellee *to* Bank of America, N.A. The trial court granted the motion. The note and mortgage were assigned back to appellee, on April 23, 2012, and the appellee was, again, substituted as the proper plaintiff on May 8, 2012. Appellants' second argument is not well-taken.

{¶ 28} Based upon the record before us, we also find that appellee established the remaining prima facie elements to satisfy its foreclosure case. We note the affidavit by Chelsea Kendle filed in support of appellee's motion for summary judgment. Ms. Kendle is an authorized agent of Bank of America, N.A., which serviced the subject loan on appellee's behalf.

9.

{¶ 29} The affiant established that she had personal knowledge of appellants' loan records; that she had personal knowledge of the manner in which Bank of America, N.A. kept and maintained its business records, specifically that the records were created in the course of Bank of America, N.A.'s regularly conducted business activities at or near the time of appellants' default; and that appellee was in possession of the note.

{¶ 30} In addition, the affiant established that appellants failed to make payments due for December 1, 2009, or any subsequent installments, and that, as of November 1, 2009, appellants owed $580,045.38 in principal, plus interest. Attached to the affidavit were copies of the note, the mortgage, the assignments of note and mortgage, and the account history of the loan.

{¶ 31} In sum, we find that appellee established the prima facie elements of its foreclosure case, and appellants did not set forth any specific facts demonstrating a genuine issue of material fact. The trial court's grant of summary judgment to appellee was proper. Appellants' first and second assignments of error are without merit.

{¶ 32} Having found appellants' assignments of error not well-taken, we hereby affirm the judgment of Erie County Court of Common Pleas. Costs are assessed to appellants in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.  _____

JUDGE

Thomas J. Osowik, J.  _____

JUDGE

James D. Jensen, J.

CONCUR.

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.